SAMUEL LIPKUS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lipkus v. Commissioner
Docket No. 2157-72.
United States Tax Court
T.C. Memo 1973-56; 1973 Tax Ct. Memo LEXIS 234; 32 T.C.M. (CCH) 248; T.C.M. (RIA) 73056; March 5, 1973, Filed Samuel Lipkus, pro se Thomas S. Carles, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $4,427.79 in petitioner's Federal income tax for the year 1968. 2 In his notice of deficiency the respondent disallowed two deductions claimed by the petitioner on his 1968 Federal income tax return, namely, travel and transportation expenses of $808 and a theft loss of $14,600. Error was alleged in the petition with respect to the disallowance of these claimed deductions. At the trial, held in Newark on February 6, 1973, the petitioner offered no evidence on the claimed travel and transportation expenses; therefore, we sustain respondent's determination as to that adjustment. The petitioner did press his claim for the theft loss when his case *235 was heard, so we must decide whether he is entitled to it. No facts are stipulated. The petitioner Samuel Lipkus was a legal resident of Edgewater, New Jersey ,at the time he filed his petition in this proceeding. Although married to Lucile Lipkus, he filed a separate Federal income tax return for 1968. On that return he claimed a deduction for a theft loss ($14,700 less $100). In November 1968 the petitioner and his family were dispossessed from their apartment because they were $1,700 in arrears in the payment of rent. The apartment was closed and the contents therein held pursuant to an order of the Bergen County District Court. After making a partial payment of the past due rent, the petitioner was notified by the constable of the Bergen County District Court to remove their belongings from the apartment. The furnishings then in the apartment had been removed and placed in a storage room in the basement of the apartment house. Previously, some of the furniture, 3 consisting of antiques, had been repossessed by Bloomingdale Brothers in Hackensack because Mrs. Lipkus had given that company several bad checks. Mrs. Lipkus presented a claim to the Maryland Casualty *236 Company for furnishings allegedly stolen from the apartment. The claim was investigated by Timothy A. Neville, a property claims adjustor of that company. The claim was not allowed. No inventory or proof of value of the furniture was presented to the insurance company. To be entitled to a theft loss under section 165, Internal Revenue Code of 1954, the petitioner must prove two things - (1) that the property was actually stolen and (2) the amount of the loss. Here there is no proof that a theft occurred, such as an unlawful breaking and entering or a witnessed removal of the property by force. The reasonable inference to be drawn from the meager evidence presented does not indicate theft. Petitioner has simply not carried his burden of establishing it. But, even if a theft did occur, the petitioner has completely failed to produce any evidence as to what property was allegedly stolen or from which the value of the property or its cost or other basis can be determined. These are essential elements of the petitioner's case and he has given us nothing. Accordingly, we hold that the petitioner is not entitled to the claimed theft loss. Decision will *237 be entered for the respondent.